**GARDINER, a Minor, Plaintiff-Appellant, v. BEIRISE et, Defendants-Appellees.**

Ohio Appeals, Second District, Montgomery County.

Nos. 2390, 2392. Decided December 6, 1956.

McLeran, Kelly & McLeran, Dayton, for plaintiffs-appellants.

Hyers, Leyland, Patterson & Kruse, Dayton, for defendants-appellees.

## OPINION

By MILLER, Presiding Judge:

These are identical law appeals, each from a judgment of the Common Pleas Court ordering certain portions of the fifth amended petitions stricken from the files and entering final judgment, as the plaintiff did not desire to plead further.

The petition in case No. 2390 alleges that the plaintiff is a minor four years of age, and the action is brought by the father and next friend; that the defendants are the owners of the premises upon which the plaintiff was injured and on which "the children of the neighborhood frequently play."

The petition further alleges:

"Plaintiff says that Defendants maintained on said premises, in the rear of their residence and being part of said open area, a trash pile where, on occasion, defendants burned their trash, **and that defendants were burning trash at this location during the afternoon and evening of February 10, 1954.**

"Plaintiff further says that the next morning, at about 10:00 a. m., February 11, 1954, he was playing around the above trash pile, that there was no smoke or flame emanating from the trash pile, but that ashes and embers ignited plaintiff's clothing, resulting in 3rd degree burns to the right leg of plaintiff.

"**Plaintiff says that the above trash pile, so arranged and so located, constituted a hidden danger; that defendants knew of the presence of said hidden danger and knew or should have known that plaintiff was playing around the trash pile, at the time and place aforementioned.**

"Plaintiff says that the injury was the direct and proximate result of the defendants' negligence in the following respects:

"**1. In allowing and permitting said hidden danger to remain upon**

the premises without proper guard or attendant, knowing that the area was frequented by children in the neighborhood.

"2. In failing to warn this plaintiff of the hidden danger upon premises.

"4. In failing to extinguish all danger of fire before leaving the trash pile unattended." (Emphasis ours.)

We have emphasized the allegations objected to and which were ordered stricken by the judgment of the court. We are of the opinion that pleading the burning of the trash on the previous day is evidentiary and properly stricken. The remaining allegations are all grounded upon the plaintiff's conclusion that the smouldering ash pile was a "hidden danger." The only facts attempted to be pleaded to warrant the conclusion allege that it was "so arranged and so located" as to constitute a "hidden danger." This is too indefinite and uncertain to warrant the conclusion, and the same was properly ordered stricken. Facts should have been pleaded relating to the arrangement of the ash pile and its location from which the conclusion was justified. This was not done. The court therefore did not err in ordering these allegations stricken from the petition. Even if we should be incorrect in the foregoing conclusion, we are of the opinion that the petition does not state a good cause of action under the "hidden danger" theory for the reason that it contains no allegation that the alleged danger was intentional, wanton, willful or negligently created. Therefore, the sustaining of the motion could not have been prejudicial. Under a most favorable interpretation the plaintiff could be only a bare licensee. In **Elliman v. Gombar, 86 Oh Ap 352,** the court in stating the rule applicable to a bare licensee, at **page 355** said:

"In so far as the latter class is concerned, Ohio, as well as many other states, charges the owner with the duty only of abstaining from active negligence, as distinguished from passive negligence; for it is assumed that the bare licensee, knowing that the owner has no interest in his visit, and, therefore, cannot be expected to have made special preparations for his coming, will be on the alert to discover for himself the true condition of the premises.

"It is the conclusion of the members of this court that the only duty owed the injured person in this case by the owners was to not intentionally, wilfully, wantonly, or, through active negligence, create pitfalls or hidden dangers, or cause such conditions to arise; that reasonable minds could conclude only that this duty was not violated by the property owners; and, that the trial court should, as a matter of law, have arrested the case from the jury and entered a judgment for the defendants, or failing that, should have entered judgment for the defendants **non obstante veredicto.**"

See also paragraph 3 and 4 of the syllabus; also, **Moran v. Wehrung, 61 Abs 212; Scheibel v. Lipton, 156 Oh St 308; Signs v. Signs, 161 Oh St 241.**

Finding no prejudicial error in the record, the judgment will be affirmed.

HORNBECK and WISEMAN, JJ, concur.